UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A.;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for LONG BEACH<br>MORTGAGE LOAN TRUST 2006-6, ASSET-<br>BACKED CERTIFICATES, SERIES 2006-6;<br>SELECT PORTFOLIO SERVICING INC.;<br>AND DOES 1-100,<br><br>    Defendants. | Case No. 5:13-CV-03192-EJD<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS TO DISMISS**<br><br>**[Re: Docket Item Nos. 12, 16]** |

In this foreclosure action, Plaintiff Robert Miller ("Plaintiff") brings suit against JP Morgan Chase Bank, N.A. ("Chase"); Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-6, Asset-Backed Certificates, Series 2006-6 ("Deutsche Bank"); Select Portfolio Servicing Inc. ("SPS"); and Does 1-100 ("Does") (collectively "Defendants"). See Compl., Docket Item No. 1.

Per Civil Local Rule 7-1(b), the motions were taken under submission without oral argument. Having fully reviewed the parties' papers, the Court grants Defendants' Motions to Dismiss.

# I. BACKGROUND

## A. Factual History

On May 4, 2006, Plaintiff obtained a residential loan in the amount of $640,000.00 ("Loan") secured by a deed of trust ("DOT") encumbering his residence located at 2716 Nicasio Court, San Jose, California 95127 ("Property"). Dkt. No. 1 ¶ 23; Dkt. No. 1-1 at 1; Dkt. No. 1-2. The DOT was recorded with the Santa Clara County Recorder's Office on May 17, 2006. Dkt. No. 1-1 at 1. The DOT identifies Aidan West Financial Group ("Aidan") as the lender, beneficiary and trustee. Dkt. No. 1 ¶ 23.

Chase is a national association based in New York. Deutsche Bank is a nationally chartered trust bank based in New York. Deutsche Bank is the trustee for Long Beach Mortgage Loan Trust 2006-6 ("LBMLT 2006-6"), which is a mortgage-backed securities trust created under a Pooling and Servicing Agreement ("PSA") under the laws of Delaware and had a Closing Date of July 26, 2006. SPS is a Utah corporation. Id. at ¶¶ 7-9, 28.

Plaintiff alleges that around the time of the origination of the Loan, Aidan attempted to securitize and sell the Loan to another entity. Id. ¶ 24. However, Plaintiff alleges that the Note was never effectively sold, transferred or granted to Washington Mutual Bank ("WaMu") (which was predecessor in interest of Chase), or to Deutsche Bank (trustee of LBMLT 2006-6). Id. ¶¶ 24-25. Although the Loan was included in LBMLT 2006-6's loan schedules, Plaintiff further alleges that the securitization of the Loan failed due to a lack of recordation of the required assignment of the DOT from Aidan to any entity on or before LBMLT 2006-6's Closing Date on July 26, 2006, thus leaving Defendants without any legal or equitable interest in the mortgage.[1] Id. ¶¶ 27-30, 60.

On January 24, 2007, Plaintiff entered into a loan modification agreement with LBMLT 2006-6, which was executed by WaMu as attorney-in-fact for Deutsche Bank. Id. ¶ 36; Dkt. No. 1-3. Payments were to be made to WaMu. Dkt. No.1-3 at 5. On November 6, 2007, Aidan's corporate entity was suspended and no longer licensed to operate in California. Id. ¶ 38. On

---

[1] LBMLT 2006-6 is subject to and governed by a PSA that requires that all Notes be properly endorsed, transferred, accepted, and deposited with the Trust by July 26, 2006. Dkt. No. 1 ¶ 17, 30. Plaintiff claims that the failure to deposit his Note into LBMLT 2006-6 by the closing date is a violation of the PSA and New York trust law. Id. ¶ 61.

2
Case No. 5:13-CV-03192-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

February 6, 2008, Aidan allegedly assigned the DOT to WaMu ("First Assignment"). Dkt No. 1 ¶ 37. On February 11, 2008, WaMu issued a substitution of trustee ("SOT"), bearing the signature of Deborah Brignac as Vice-President of WaMu, appointing California Reconveyance Company ("CRC") as substitute trustee; the SOT was recorded on May 7, 2008. Id. ¶ 44; Dkt. No. 1-6. Plaintiff disputes the content and authenticity of the SOT, alleges that Deborah Brignac is a "notorious robosigner," an individual who signs property record documents without any legal or corporate authority, and claims that CRC is not a valid substitute trustee. Dkt. No. 1 ¶¶ 45-50.

On February 11, 2008, a notice of default ("NOD1") was issued by Chicago Title Insurance Company as authorized agent of CRC and recorded in the Santa Clara County Recorder's Office on February 12, 2008. Id. ¶ 42; Dkt No. 1-5. On April 2, 2008, a second notice of default ("NOD2") was issued by CRC in connection with the DOT. Dkt. No. 1 ¶ 52; Dkt. No. 1-9. On September 25, 2008, Chase acquired certain assets and liabilities of WaMu through an asset purchase agreement with the FDIC. See Docket Item No. 17 Ex. 5.

Chase, as successor-in-interest to WaMu, issued a second assignment of Deed of Trust ("Second Assignment") on August 27, 2009, transferring the interest under the DOT to Deutsche Bank. Id. ¶ 55; Dkt. No. 1-10. CRC issued two notices of trustee's sale in connection with the DOT on February 24, 2011, and March 12, 2013, respectively ("NOS" and "Second NOS"). Dkt. No. 1 ¶¶ 57-58. The Second NOS indicates that the unpaid balance on the loan was estimated at $842,793.37. Dkt. No. 1-11. A sale was scheduled for April 2, 2013, but did not occur. Dkt. No. 1 ¶ 58; Dkt. No. 1-12; Dkt. No. 1-13.

**B. Procedural History**

Plaintiff filed the Complaint underlying this action on July 10, 2013. Plaintiff brings the case in federal court based on federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332; Dkt. No. 1 ¶ 2. The Complaint asserts eleven causes of action: (1) declaratory relief; (2) negligence; (3) quiet title; (4) violations of 15 U.S.C. §1692 et seq.; (5) violation of California Business & Professions Code § 17200 et seq.; (6) violations of California Civil Code § 2934a(a)(A)(1); (7) violations of California Civil Code § 2924.17; (8) fraud; (9) cancellation of instruments; (10) quasi contract; and (11) accounting. Dkt. No. 1 ¶¶ 81-157. Plaintiff disputes the

3
Case No. 5:13-CV-03192-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

validity of the abovementioned documents. He alleges that the Subject Loan was never effectively assigned and transferred to LBMLT 2006-6, that none of the Defendants are holders in due course of Plaintiff's promissory note, that they cannot establish a pecuniary, legal, and equitable interest in the Property in order to collect payments, and that there is no evidence that Defendants are valid loan servicers or beneficiaries of Plaintiff's mortgage. Plaintiff alleges that Aidan's failure to assign the DOT led to a break in the chain of title of the loan, so that the real parties in interest are unknown and Defendants cannot collect on the loan or declare a default. Id. ¶ 29.

On August 5, 2013, Deutsche Bank and SPS filed a Motion to Dismiss Plaintiff's Complaint. See Docket Item No. 12. On August 6, 2013, Chase also filed a Motion to Dismiss Plaintiff's Complaint. See Docket Item No. 16. Plaintiff filed oppositions to both motions. See Docket Items No. 19, 21. On August 26, 2013, Deutsche Bank and SPS filed a Reply in support of the Motion to Dismiss Plaintiff's Complaint. See Docket Item No. 23. On August 27, 2013, Chase filed a Reply to Plaintiff's Opposition. See Docket Item No. 25.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242,

4

1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

**III. DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint arguing that Plaintiff does not have standing to challenge the assignments of the DOT and the subsequently recorded documents. Plaintiff's claims rest on his contention that the securitization of the mortgage is deficient, allegedly due to the failure to assign and/or record the assignment of the DOT by the date required under the PSA governing the trust pool, thus "resulting to [sic] an irreversible break in the chain of title in and to the Subject Loan." Dkt. No. 1 ¶ 29. The Court finds that Plaintiff lacks standing to bring claims under both state and federal law.

Under California law, "someone who is not a party to [a] contract has no standing to enforce it." Jones v. Aetna Cas. & Sur. Co., 26 Cal. App. 4th 1717, 1722 (1994). In cases concerning trust pools, state courts have rejected borrowers' attempts to rely on alleged deficiencies in the securitization process in order to challenge subsequent assignments of the promissory note. More specifically, the court in Jenkins v. JP Morgan Chase Bank, N.A. held:

> As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. . . . even if any subsequent transfers of the note were invalid, [plaintiff] is not the victim of such invalid transfers because [plaintiff's] obligations under the note remained unchanged. Instead, the true victim may be an entity or individual who believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note.

216 Cal. App. 4th 497, 515 (2013) (citation omitted).

Federal courts have also held that "third-party borrowers lack standing to assert problems in the assignment of the loan." Flores v. GMAC Mortgage, LLC, No. C-12-794-SI, 2013 WL

5
Case No. 5:13-CV-03192-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

2049388, at *3 (N.D. Cal. May 14, 2013); see also McGough v. Wells Fargo Bank, N.A., No. C-12-0050-TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) (holding that plaintiff lacks standing to enforce a PSA where plaintiff is not an investor or party to the PSA); Sami v. Wells Fargo Bank, No. C-12-00108-DMR, 2012 WL 967051, at *6 (N.D. Cal. Mar. 21, 2012) ("To the extent Plaintiff bases her claims on the theory that Wells Fargo allegedly failed to comply with the terms of the PSA, the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement."); Almutarreb v. Bank of New York Trust Co., N.A., No. C-12-3061-EMC, 2012 WL 4371410, at *2 (N.D. Cal. Sept. 24, 2012) (holding that plaintiffs "lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside the temporal bounds prescribed by the PSA").

Plaintiff relies on Glaski v. Bank of Am., N.A., 218 Cal. App. 4th 1079 (2013), a case in which the California Court of Appeal held that a plaintiff's allegations that the transfer of the DOT to a securitized trust had occurred after the trust pool's closing date were sufficient to state a claim that the attempted transfers of the DOT were void. Id. at 1097-98. However, Glaski represents a distinct minority view on the standing of third parties to enforce or assert claims based on alleged violations of a PSA. The California Supreme Court has not ruled on whether borrowers may challenge the mortgage securitization process so as to reconcile Glaski with other California authority, but unpublished Court of Appeal opinions have characterized Glaski as the minority view. Mendoza v. JPMorgan Chase Bank, N.A., C071882, 2014 WL 3593875 (Cal. Ct. App. July 22, 2014) at *7 ("Glaski, however, has not been well received by federal courts . . . . We can find no state or federal cases to support the Glaski analysis."); Sporn v. JPMorgan Chase Bank N.A., G047501, 2014 WL 280627, at *4 (Cal. Ct. App. Jan. 27, 2014) (characterizing Glaski as the minority view, and concluding that "the majority view is the better one").

Courts in this District have expressly rejected Glaski and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the securitization process. See, e.g., Dahnken v. Wells Fargo Bank, N.A., No. C-13–2838-PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) ("[T]he court adopts the majority position of courts within this district, which is that plaintiffs lack standing to challenge

noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.") (citations omitted); Subramani v. Wells Fargo Bank N.A., No. C 13-1605, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013); Dahnken v. Wells Fargo Bank, N.A., No. C 13-2838, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013); Maxwell v. Deutsche Bank Nat'l Trust Co., No. C 13-3957, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013); Apostol v. Citimortgage, Inc., No. C 13-1983, 2013 WL 6140528, at 6 (N.D. Cal. Nov. 21, 2013); In re Sandri, 501 B.R. 369, 374 (Bankr. N.D. Cal. 2013) ("Glaski is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law.").

Recently, the Court of Appeals for the Ninth Circuit acknowledged the existing split and held, contrary to Glaski, that debtors who are not parties to a PSA do not have standing:

> [Plaintiff] cannot challenge violations of the pooling and servicing agreement. We recognize that California courts have divided over this issue. But the weight of authority holds that debtors in [plaintiff]'s shoes – who are not parties to the pooling and servicing agreements – cannot challenge them. . . . We believe the California Supreme Court, if confronted with this issue, would so hold.

Davies v. Deutsche Bank National Trust Co. (In re Davies), No. 12-60003, 2014 WL 1152800, at *2 (9th Cir. Mar. 24, 2014) (citations omitted).

The basic theory of Plaintiff's Complaint is that none of the Defendants have the authority to collect under the mortgage loan or institute a non-judicial foreclosure, because the loan was securitized and sold on the secondary mortgage market without a valid assignment of the note from the original lender to any of the Defendants. Even assuming the veracity of these allegations, deficiencies in the securitization process did not change the terms of Plaintiff's Note (requiring mortgage payments) or change the terms of the DOT. See, e.g., Simmons v. Aurora Bank, FSB, 13-CV-00482 HRL, 2013 WL 5508136, at *2 (N.D. Cal. Sept. 30, 2013) ("Even if there were some defect in the assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations.") (citation omitted).

Plaintiff does not contest defaulting on his mortgage loan, and admits to having received all required notices. Further, he does not claim that more than one entity concurrently attempted to

7
Case No. 5:13-CV-03192-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

collect mortgage payments from him, or foreclose on the Property. Absent any allegation of prejudice, borrowers do not have standing to complain about irregularities in the foreclosure process. See, e.g., Siliga v. Mortg. Elec. Registrations Sys., Inc., 219 Cal. App. 4th 75, 85 (2013) (borrowers lacked standing to complain about loan servicer's and assignee's alleged lack of authority to foreclose on deed of trust where borrowers were in default under the note, absent evidence that the original lender would have refrained from foreclosure); see also Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011) (to recover on a wrongful foreclosure claim, borrower must demonstrate that the alleged imperfection in the foreclosure process was prejudicial; no prejudice exists where borrower was in default and the assignment of the loan did not interfere with the borrower's ability to pay).

Plaintiff alleges no other infirmities in the assignment process with respect to the loan. Nor does he allege that he is not actually in default, or that Defendants have acted on an error with respect to the amount owed. Accordingly, the Court finds that Plaintiff does not have standing to challenge the securitization of the mortgage loan.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED and Plaintiff's claims are dismissed as to all Defendants without leave to amend.

**IT IS SO ORDERED**

Dated: August 8, 2014

                                                 EDWARD J. DAVILA
                                                 United States District Judge